UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**KATHRYN AZAR,**

    **Plaintiff,**

v.                                      Civil Action No. 2:22-cv-00427

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**
**an Illinois insurance company**
**licensed in West Virginia,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to bifurcate and stay, filed November 23, 2022 (ECF No. 11).

I.

This case arises from a motor vehicle incident that occurred on the westbound exit ramp of the Robert C. Byrd Highway at East Seventh Street in Parkersburg, Wood County, West Virginia on or about September 2, 2020.  Complaint ¶¶ 7-9, ECF No. 1-2.  Plaintiff Kathryn Azar was operating a vehicle while sitting stationary in traffic on the exit ramp, waiting to turn right onto East Seventh Street.  Id. at ¶ 7.  At that time, another driver, Laura Cumberledge, crashed into the rear of Ms.

Azar's vehicle, causing her to suffer "severe physical and mental injuries, as well as other general and special damage." Id. at ¶ 10.

Ms. Cumberledge is an underinsured motorist under the definitions of that term provided by West Virginia law and plaintiff's insurance contract with the defendant. Id. at ¶¶ 14, 23. Azar was insured under a policy issued to her by defendant State Farm Mutual Automobile Insurance Company ("State Farm"), which included underinsured motorist coverage. Id. at ¶ 27. Any claims plaintiff had against Ms. Cumberledge were settled by payments of Ms. Cumberledge's bodily injury liability insurance carrier, Government Employees Insurance Company ("GEICO"), to the full extent of the policy on June 6, 2022. Id. at ¶¶ 11, 12, 24. State Farm waived subrogation and consented to this settlement. Id. at ¶¶ 13, 25.

On July 29, 2022, plaintiff submitted a formal demand to State Farm for payment of $250,000 for bodily injury claims under the underinsured motorist policy. Pl.'s Demand Letter, ECF No. 1-4 at 8. This demand was accompanied by itemized medical bills totaling $169,641.36. Complaint at ¶ 15. State Farm made an initial offer of $6,000.00 to settle the claim on August 18, 2022. Id. at ¶ 17; Pl.'s Exh. A to Compl., ECF No. 1-2 at 7. Plaintiff avers that "[t]hrough the course of

2

subsequent communications, [she] renewed and reiterated her demand on more than one occasion." Complaint at ¶ 16. State Farm denies such allegation. Def.'s Answer, ECF No. 3 at 3. Further detail about the date or content of plaintiff's alleged subsequent communications is not known to the court. See id. at ¶ 16.

Unsatisfied with State Farm's settlement offer, on August 30, 2022, plaintiff filed this civil action in the Circuit Court of Wood County, West Virginia alleging four counts: negligence of an underinsured motorist, breach of contract, common law bad faith, and unfair trade practices in violation of W. Va. Code § 33-11-4(9) and W. Va. Code R. § 114-14-1. See id. at ¶¶ 19-23, 30-31, 34-36, 38-46. On October 3, 2022, State Farm timely removed the action to this court pursuant to 28 U.S.C. § 1441 based on the diversity of citizenship of the parties. Notice of Removal, ECF No. 1.

Defendant now moves to bifurcate the case and stay discovery and trial of the claims for statutory and common law bad faith pending resolution of the contractual claims. Def's. Mot., ECF No. 11 at 1. State Farm represents that bifurcation would promote efficiency and judicial economy while avoiding undue prejudice to the defendant. Id. Plaintiff opposes this motion. See generally Pls.' Resp., ECF No. 14.

II.

Federal Rule of Civil Procedure 42(b) provides as follows:

> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). In Light v. Allstate Ins. Co., 203 W. Va. 27, 506 S.E.2d 64 (1998), the Supreme Court of Appeals of West Virginia revisited its holding in State ex rel. State Farm Fire & Casualty Co. v. Madden, 192 W. Va. 155, 451 S.E.2d 721 (1994). Madden implied that an order to bifurcate and stay a third-party claim of bad faith against an insurer was mandatory; however, Light clarified that "in a first-party bad faith action . . . ., bifurcation and stay of the bad faith claim from the underlying action are not mandatory," thus leaving it to the discretion of the court. Id. 203 W. Va. at 35, 506 S.E.2d at 72; see Scarberry v. Huffman, No. 3:10-0831, 2010 WL 4068923, 2010 U.S. Dist. LEXIS 110239 (S.D. W. Va. Oct. 15, 2010).

To guide the trial court's exercise of discretion concerning the propriety of a bifurcation and stay, the Supreme Court in Light announced six applicable factors for judicial consideration: (1) the number of parties in the case, (2) the

4

complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.  Id.  The proponent of the stay and bifurcation bears the burden of persuasion.  Id.  Accordingly, the court will address each of the Light factors in turn.

First, there are only two parties to the pending action: the plaintiff, Ms. Azar, and defendant State Farm.  This factor favors proceeding with discovery on all claims.

Second, the facts and claims at issue in this matter do not appear to be complex.  All claims asserted against State Farm stem from a single motor vehicle incident and the alleged deficiencies in State Farm's claim settlement practices thereafter.  Although claims for bad faith and unfair trade practices are distinct from the issue of whether a breach of contract occurred, they do not render this case so complex as to necessitate bifurcated discovery.

Third, the plaintiff, as the insured party, would likely be unduly prejudiced by the delay and costs associated with potentially duplicative discovery that could result from a bifurcation at this time.  While it is true that resolution of

plaintiff's claims for bad faith and unfair trade practices could be rendered moot by a finding that State Farm did not breach the contract, this does not summarily outweigh the potential prejudice of a protracted discovery process.  If discovery is bifurcated, plaintiff may be put in the position of having to depose State Farm's representatives multiple times.  Additionally, the parties have an increased ability to settle these claims without court intervention when all facts on all issues are known to the parties.

Fourth, the bifurcation and stay of discovery could result in two jury trials before separate juries.  Inasmuch as discovery for the second phase would not begin until verdict by the first jury, a new jury would in due course be required if plaintiff prevailed in the first phase.  This imposes an additional burden on the court and the parties.

Fifth, there is no indication that partial discovery would be unfeasible.  Even so, the practical advantages of unified discovery as well as the potential burden on plaintiff in staying discovery on the two bad faith claims tends to outweigh this factor.

Sixth, the burden on the court would likely be increased by the bifurcation and stay of discovery on a portion of the plaintiff's claims, resulting in two jury trials instead of one.  If discovery were bifurcated, the court may be put in

6

the position of resolving similar discovery disputes at both stages. Further, the evidence and witnesses will likely have significant overlap on all claims, and the resolution of potential dispositive motions may be more easily done when the court is in receipt of all of the relevant evidence.

In addition to the above factors, State Farm advances a further argument that the potential for the two bad faith claims to be mooted by a finding in State Farm's favor on the contractual claims means that they are unripe and thus deprive the court of subject matter jurisdiction. See Def.'s Mem. Supp. Mot., ECF No. 12 at 5. While the defendant has cited to assertedly supportive authority from the Supreme Court of Appeals of West Virginia in a multi-party insurance case, see State ex rel. Universal Underwriters Ins. Co. v. Wilson, 239 W. Va. 338, 801 S.E.2d 216 (2017) (no subject matter jurisdiction over first-party defendants' cross-claim against insurer because unripe where claim depended on economic losses flowing from plaintiff's claims against defendants and defendants' declaratory judgment action against insurer), this argument nevertheless suffers from several infirmities.

Defendant's argument misconstrues the relevant question of justiciability under Article III of the U.S. Constitution as one of ripeness, when in fact it is a question

of mootness.  In the federal courts, the test for ripeness assesses "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."  Wild Va. v. Council on Env't Quality, __ F.4th __, 2022 U.S. App. LEXIS 35456 at *18-19 (4th Cir. 2022) (quoting Deal v. Mercer Cnty. Bd. of Educ., 911 F.3d 183, 191 (4th Cir. 2018)).  Meanwhile, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)).  "The burden of demonstrating mootness is a heavy one." Davis, 440 U.S. at 631.  A matter is not moot because of a potential for future mootness, and there can be no "finding [of] jurisdictional mootness simply by relabeling the potential for future mootness to be a lack of ripeness."  Town of Barnstable v. O'Connor, 786 F.3d 130, 143 (1st Cir. 2015).

     Here, there can be little doubt that the extracontractual claims for bad faith present issues fit for judicial decision and that the court's withholding consideration of them would impose hardship on the parties by requiring duplicative and unnecessary proceedings.  Those claims thus satisfy the ripeness inquiry, and the fact that the common law and statutory claims for bad faith and unfair trade practices

8

might become moot depending on the court's determination of the breach of contract claim suggests nothing to the contrary.

III.

Because the Light factors weigh strongly in favor of proceeding with unified discovery, State Farm's motion is denied. This determination comports with the result reached in similar cases in this court. See, e.g., 6515 MacCorkle LLC v. Evanston Ins. Co., No. 2:20-cv-00253, 2020 U.S. Dist. LEXIS 180652 (S.D. W. Va. Sept. 30, 2020); Blankenship v. Jordan, No. 3:19-cv-0372, 2019 WL 4197115, 2019 U.S. Dist. LEXIS 149246 (S.D. W. Va. Sept. 3, 2019); Progressive Max Ins. Co. v. Neeley, No. 3:19-cv-0240, 2019 WL 4145648, 2019 U.S. Dist. LEXIS 147145 (S.D. W. Va. Aug. 29, 2019); see also McBrayer v. Hartford Ins. Co., No. 2:17-cv-4384, 2018 WL 3869986, 2018 U.S. Dist. LEXIS 136901 (S.D. W. Va. Aug. 14, 2018) (collecting prior cases in this district reaching the same conclusion).

IV.

In accordance with the foregoing discussion, it is ORDERED that defendant's motion to bifurcate and stay be, and it hereby is, denied except as to trial.  Insofar as the motion requests bifurcation for the purposes of trial, it is ORDERED that defendant's motion be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: January 10, 2023

John T. Copenhaver, Jr.
Senior United States District Judge